IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELIZABETH HARRIS,
No. 32722-044,

Petitioner,

vs.                                              CIVIL NO.  14-cv-00006-DRH

WARDEN CROSS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Elizabeth Harris is in the custody of the United States Bureau of Prisons ("BOP"), currently housed at the Federal Prison Camp in Greenville, Illinois.  According to the petition, Harris is serving a 130-month sentence for possessing with intent to distribute methamphetamine.  The specifics of the conviction and sentence are unknown to the Court.  According to the Bureau of Prisons, Harris's projected release date is June 17, 2015.  *See* www.bop.gov/Locate (last accessed Jan. 22, 2014).

Petitioner Harris is now before the Court pursuant to 28 U.S.C. § 2241, seeking consideration for early release under the Residential Drug Abuse Program ("RDAP"), 18 U.S.C. § 3621(e)(2)(B).  Petitioner was expelled from the RDAP program on or about July 7, 2012—just weeks before she was due to complete the year-long program.  The stated reason for her expulsion was that Harris had failed to complete the program due to relapse and her inability to utilize the

coping strategies taught in the program (*see* Doc. 1, pp. 15, 28).  Petitioner asserts that her expulsion from RDAP was an abuse of discretion and violation of her constitutional right to equal protection.[1]

More specifically, Harris asserts that she was discriminated against due to her age and race.  Harris is white and 70 years old.  She identifies 16 white women over the age of 45 who have been expelled from RDAP during the past year, when others have not been expelled, despite program violations.  Harris also takes issue with a variety of her specific alleged program failures.

According to the petition, Harris has utilized administrative remedies without success.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## Discussion

The RDAP statute allows a prisoner's sentence to be reduced by up to one year upon completion of a residential substance abuse treatment program.

---

[1] Because federal actors are involved, the Equal Protection Clause of the Fourteenth Amendment is not strictly applicable.  Instead, the Court looks to a similar right to equal protection flowing from the Due Process Clause of the Fifth Amendment.  *Markham v. White*, 172 F.3d 486 (7th Cir. 1999) (citing *Davis v. Passman*, 442 U.S. 228, 234 (1979) (collecting cases).

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3).

It is well established that sentence reduction under RDAP is left to the discretion of the BOP. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001) (addressing an earlier codification of 28 C.F.R. § 550.55(b)(5)(ii) (2009), 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000)). More recently, the Ninth Circuit reiterated that individual decisions to deny early release under 18 U.S.C. § 3621 are not reviewable, and are specifically exempted from judicial review under the Administrative Procedure Act, 18 U.S.C. § 3625. *Reeb v. Thomas,* 636 F.3d 1224 (9th Cir. 2011). However, *Reeb* recognized the possibility for judicial review when agency action is contrary to a constitutional right. *Id*. at 1228.

Plaintiff is asserting a violation of her constitutional right to equal protection based upon her race, or a "class-of-one" theory. *See generally Swanson v. City of Chetek*, 719 F.3d 780, 783-84 (7th Cir. 2013) (explaining differentiating between equal protection claims based on race, origin or sex, and class-of-one claims where there is no rational basis for a difference in treatment). Construing Harris's *pro se* petition very liberally, a colorable equal protection claim has been stated.

The petition raises issues that cannot be conclusively decided at this juncture. There is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, Respondent Cross will be required to respond or otherwise plead.

## Disposition

**IT IS HEREBY ORDERED** that **WARDEN CROSS** shall answer the petition or otherwise plead on or before **February 24, 2014**.[2] This preliminary order to respond does not, of course, preclude the government from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service upon Respondent.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in her whereabouts during the

---

[2] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. See SDIL-EFR 3.

pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 23rd day of January, 2014.

Digitally signed by David R. Herndon
Date: 2014.01.23 17:18:26 -06'00'

**Chief Judge
United States District Court**