IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELIZABETH HARRIS,

        Petitioner,

vs.                                       Civil No. 14-cv-00006-DRH-CJP

SHAI FORSTER,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Elizabeth Harris filed a petition for writ of habeas corpus under 28 U.S.C. §2241 challenging her expulsion from the Residential Drug Abuse Program ("RDAP") while she was an inmate in the Bureau of Prisons. (Doc. 1).

This matter is now before the Court on respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Moot. (Doc. 18). Petitioner has not filed a response to the motion.

## Relevant Facts and Procedural History

In July 2006, Harris was sentenced in the Eastern District of Missouri to 130 months imprisonment and 5 years supervised release for conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). At the time she filed her habeas petition,

she was an inmate in the custody of the Bureau of Prisons.

While in the BOP, Harris was accepted into the RDAP. Pursuant to 18 U.S.C. §3621(e)(2)(B), the BOP "may" reduce an inmate's term of incarceration by up to 12 months after successful completion of an RDAP. Harris did not successfully complete the program; she was expelled from the RDAP on July 7, 2013. See, Doc. 15, Ex. 3.

According to the motion to dismiss, petitioner was released from the BOP on June 18, 2015. Respondent argues that the petition is moot because, even if petitioner prevailed and the Court were to order her term of imprisonment reduced, that ruling would have no tangible benefit to petitioner.

Petitioner has not informed the Court of her release from prison or of her current address.

## **Analysis**

The Court agrees that the petition is moot, but for a slightly different reason than the one advanced by respondent.

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless she is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 118 S. Ct. 978, 983 (1998).

The fact that petitioner has been released from prison, standing alone, does not mean that the petition is moot. Respondent's argument ignores the

fact that, upon her release from the BOP, petitioner began serving a 5 year term of supervised release. If petitioner were entitled to a reduction in her prison term, she would be entitled to have her term of supervised release end earlier to reflect the earlier release date and resulting in an earlier start of her period of supervised release. See, *White v. Indiana Parole Board*, 266 F.3d 759, 763 (7th Cir. 2001).

While release from physical custody does not necessarily render the petition moot, the petition must still present a "case or controversy" under Article III, §2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 118 S. Ct. at 983 (internal citation omitted).

Here, the petition no longer presents a "case or controversy." Petitioner cannot show that she is legally entitled to a reduction in her prison term. She argued in her petition that she was expelled from the RDAP for impermissible reasons based on her age, race and physical condition. However, successful completion of the program would entitle her only to be considered for early release. Whether to grant early release is a matter within the discretion of the BOP. "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 121 S. Ct. 714, 722 (2001).

The fact that petitioner would only be entitled to be considered for early release upon successful completion of the program distinguishes this case from cases such as *White v. Indiana Parole Board*, *supra.* Even if this Court were to conclude that petitioner had been wrongfully expelled from the RDAP program, the only relief that this Court could provide would to be to order the BOP to readmit her to the program. As she is no longer in the BOP, that relief is unavailable. Because she lost only the chance to qualify for consideration for a discretionary reduction in her sentence, her petition is now moot. See, *Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012)("The best that Mr. Eichwedel can do is to point to the possibility that he might have served a shorter period of incarceration before beginning his period of supervised release. All he can suggest is that prison authorities might have seen fit to grant him a reduction in the days he had to serve. Such a deficiency is not sufficient to establish a continuing controversy between Mr. Eichwedel and IDOC.")

In addition, petitioner Harris has failed to keep the Court informed of her address. Respondent notified the Court that she was transferred from FCI-Greenville to a residential reentry center. See, Doc. 16. Petitioner has not notified the Court of her transfer, and has never furnished the Court with her address after her release from the BOP, despite the fact that she was informed of her duty to do so in the order on preliminary review, Doc. 3.

## Conclusion

Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Moot **(Doc. 18)** is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE**

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Signed this 20th day of September, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.09.20 16:29:15 -05'00'

**United States District Judge**